LOUISE WILSON, BY HER NEXT FRIEND, NELL DALTON, v. E. H. POSEY, TRADING AND DOING BUSINESS AS PARKWAY CLEANERS AND LAUNDRY.

(Filed 5 March, 1941.)

**Bailment § 6—**

> Where plaintiff alleges a bailment for hire on the part of defendant dry cleaning company in accepting plaintiff's coat to be cleaned, and defendant's failure to return the coat, but the complaint fails to contain a sufficient allegation of special damages, plaintiff's recovery should be confined to the fair market value of the coat as of the date it was delivered to defendant.

APPEAL by plaintiff from *Armstrong, J.,* at August Term, 1940, of BUNCOMBE. Affirmed.

Plaintiff delivered to the defendant a winter coat to be cleaned. The coat was lost and never returned. Plaintiff instituted this action in the county court of Buncombe County to recover damages, alleging the value of the coat to be $22.50, and alleging, further, inconvenience, loss of time from school and the like.

At the trial in the county court, defendant requested, in writing, special instruction as follows: "That in no event would the jury be authorized to answer the issue in an amount exceeding the fair market value of the coat as of the date the same was delivered to the defendant, and the court charges the Jury that in no event could the Jury award the plaintiff an amount exceeding $22.50."

The court declined to give this instruction but gave certain other instructions which would permit a larger recovery. There was a verdict and judgment for the plaintiff in the sum of $70.00. Defendant appealed assigning error.

When the cause came on to be heard in the court below the judge sustained, among others, defendant's assignment of error directed to the

refusal of the court to give the tendered prayer for instruction, and ordered a new trial. Plaintiff excepted and appealed.

*Don C. Young for plaintiff, appellant.*
*Jones, Ward & Jones for defendant, appellee.*

PER CURIAM. Plaintiff alleges a bailment for hire, and there is no sufficient allegation of special damage. The failure of the judge of the county court to instruct the jury on the measure of damages as prayed by the defendant was prejudicial error and the court below properly so held.

The judgment below is
Affirmed.